1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Everett L. MILLIGAN, Defendant-Appellant.
 No. 92-2430.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1993.*
Decided Aug. 4, 1993.
 
 Before MANION, and ILANA DIAMOND ROVNER, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 In 1991, Everett L. Milligan was indicted twice for separate offenses in the Southern District of Illinois. Milligan and the government entered a single plea agreement to resolve both cases. With respect to case # 91-40014 (the "East St. Louis case"), Milligan agreed to plead guilty to 3 counts of conspiracy to commit mail fraud; with respect to case # 91-40019 (the "Benton case"), Milligan agreed to plead guilty to perjury during his initial appearance in the East St. Louis case. The government agreed to recommend sentences totalling twelve years for both cases. R. 139 p. 7. The agreement stated, however, that the court was not bound by any recommendation made by the government. Id. at 2. Milligan was also warned, prior to pleading guilty in the East St. Louis case, that the court could impose a total of 15 years' imprisonment for the three conspiracy counts. Change of Plea Tr. 10.
 
 
 2
 Milligan's guilty pleas were accepted, but the sentencing did not materialize as the parties expected. Milligan was sentenced in the Benton case first. Judge Foreman[1] sentenced Milligan to 16 months' imprisonment. Subsequently, in the East St. Louis case--which is the subject of this appeal--Chief Judge Stiehl sentenced Milligan to a total of twelve years, but he ordered that this sentence was to run consecutive to the sentence imposed in the Benton case rather than concurrently as agreed to by the parties. Disposition Tr. 7. Thus, Milligan's sentences totalled 13 years 4 months instead of 12 years. Milligan argues on appeal that the sentence in the East St. Louis case should have run concurrently with the sentence in the Benton case, resulting in sentences totalling 12 years.
 
 
 3
 Milligan has appealed only the East St. Louis case, but his argument centers on what happened during the sentencing in the Benton case. He seems to suggest that Chief Judge Stiehl erred by failing to consider allegedly misleading statements by Judge Foreman. Milligan claims that he was deceived during the Benton sentencing when Judge Foreman said that "to some extent it may be academic what I do."[2] According to Milligan, this statement induced him not to challenge errors in the Benton case. We reject this argument. Judge Foreman's statement was entirely accurate. It clearly implied that the Benton sentence might not be academic. Thus, if Milligan had any objections to the Benton sentence, he should have raised them at sentencing and pursued them on appeal if necessary.
 
 
 4
 Milligan does not suggest any other way in which Chief Judge Stiehl allegedly abused his discretion[3] in ordering the sentence in the East St. Louis case to run consecutively to the sentence in the Benton case. The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Presently a Senior Judge, Judge Foreman was Chief Judge at the time he sentenced Milligan. Judge Stiehl is now the Chief Judge of the Southern District of Illinois
 
 
 [2]
 Presumably, Judge Foreman believed the sentence he imposed might be academic because the plea agreement contemplated a total of twelve years for both cases
 
 
 [3]
 This case is a pre-guidelines case because the conspiracy to commit mail fraud occurred prior to November 1, 1987. See Govt.Br. 6; R. 139, p. 1. Thus, a sentence imposed within the statutory limits (as in this case) is reviewed for abuse of discretion. United States v. Ledesma, 632 F.2d 670, 679 (7th Cir.), cert. denied, 449 U.S. 998 (1980)